IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMETRIUS COLEMAN, *et al.*, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> ARK CONTRACTING § <br> SERVICES, LLC, *et al.*, § <br> § <br> Defendants. § | Civil Action No. 3:21-CV-2553-N |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Ark Contracting Services, LLC's ("Ark") motion to dismiss Plaintiffs Demetrius Coleman and Natasha Brown-Coleman's ("Brown") claims under the Family and Medical Leave Act ("FMLA"),[1] Texas Commission on Human Rights Act ("TCHRA"),[2] and the Americans with Disabilities Act ("ADA")[3] for failure to state a claim upon which relief can be granted [17].

Because the Amended Complaint [16] still lacks sufficient factual content for Brown to state a claim under the FMLA, TCHRA, or ADA, the Court dismisses those claims with prejudice. The Court also dismisses with prejudice Coleman's FMLA claims and TCHRA/ADA[4] retaliation claims. However, the Court concludes that Coleman has

---

[1] Codified at 29 U.S.C. § 2601, *et seq.*
[2] Codified at TEX. LAB. CODE ANN. § 21.001, *et seq.*
[3] Codified at 42 U.S.C. § 12101, *et seq.*
[4] Because the TCHRA "'parallels the language of the [ADA]', Texas Courts follow ADA law in evaluating TCHRA discrimination claims." *Williams v. Tarrant Cnty. Coll. Dist.*, 717 F. App'x 440, 444–45 (5th Cir. 2018) (quoting *Pegram v. Honeywell, Inc.*, 361 F.3d 285–87 (5th Cir. 2004)).

ORDER – PAGE 1

stated plausible claims of disability discrimination and failure to accommodate and thus denies the motion in that respect.

### I. PLAINTIFFS' CAR ACCIDENT, RESULTING INJURIES, AND TERMINATION FROM ARK

Coleman and his minor child, D.B., were involved in a car accident with Defendant Michael Nesuda on January 26, 2020. Pls.' Am. Compl. ¶¶ 10–13. Coleman was hospitalized with severe injuries to his lower extremities, *id.* ¶¶ 14, 28–29, and D.B. required surgeries, physical therapy, and psychiatric care. *Id.* ¶ 28. Brown assumed caretaking responsibilities for her husband and daughter during their lengthy recovery, the physical and emotional toll of which required Brown to undergo counseling and psychotherapy. *Id.* ¶¶ 32–33.

At the time of the accident, both Coleman and Brown were employees of Ark. *Id.* ¶ 27. On January 27, 2020, Coleman notified his immediate supervisor of the accident, and Ark placed Coleman on short-term disability and medical leave through March 26, 2020. *Id.* ¶¶ 29–30. Coleman allegedly remained in contact with his immediate supervisor and Ark's human resources department throughout his leave, and on March 3, 2020, he notified an HR employee that he had been cleared to return to work on April 1, 2020 — six days after the expiration of his short-term leave. *Id.* ¶¶ 30–31. Also on March 3, 2020, Brown requested leave through May 1, 2020. *Id.* ¶¶ 34–35. Ark terminated both Coleman and Brown on March 26, 2020. *Id.* ¶ 37. Ark's stated reasons for their terminations were that Coleman failed to keep his supervisor informed while out on medical leave and that Brown violated numerous company policies. *Id.* ¶¶ 38, 40, 42.

After exhausting their administrative remedies, *id.* ¶ 46, Plaintiffs filed suit in Texas state court, alleging that Ark actually terminated them because of their disabilities, as well as for attempting to exercise their rights under the FMLA and the TCHRA. *See generally* Pls.' Original Pet. [1-3]. Plaintiffs also brought several state-law claims against Nesuda, their insurance company Farmer's Insurance, and Farmer's Insurance adjuster Andrew Waldron. *Id.* Ark removed the claims against it to this Court on October 18, 2021, prior to service of the other defendants. Def.'s Notice of Removal 3 [1].

The Court previously dismissed Brown's FMLA and TCHRA claims, Coleman's FMLA claims, and Coleman's TCHRA retaliation claims but denied dismissal as to Coleman's disability discrimination claim. Order on Def.'s Mot. Dismiss [13]. Plaintiffs' Amended Complaint omits the TCHRA retaliation claims and adds claims for failure to accommodate under both the TCHRA and ADA. *See generally* Pls.' Am. Compl. Ark has again moved to dismiss for failure to state a claim, and Plaintiffs did not respond.

## II. THE LEGAL STANDARD FOR A RULE 12(B)(6) MOTION TO DISMISS

A district court may not grant a motion to dismiss without considering the merits of the arguments before it solely because the nonmoving party has not responded. *Heisler v. Kean Miller, LLP*, 2021 WL 3852261, at *3 (E.D. La. 2021) (citing *Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012); *Ramsey v. Signal Delivery Service, Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980)). Even when the motion is unopposed, under Rule 12(b)(6), a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must

include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pled facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

### III. PLAINTIFFS' FMLA CLAIMS FAIL

The FMLA guarantees that eligible employees may take up to 12 weeks of leave per year in certain circumstances, such as to recover from a serious health condition or care for a relative suffering from a significant medical issue. 29 U.S.C. § 2612(a)(1). To qualify for FMLA leave, an employee must have worked for their employer for at least 12 months and for at least 1,250 hours of service with that employer in the previous 12-month period. *Id.* § 2611(2)(A). Further, the FMLA covers only employers that employ 50 or more employees for each working day during 20 or more weeks of the current or preceding year. *Id.* § 2611(4)(A).

Employers must restore employees to their old positions upon returning from FMLA leave. *Id.* § 2614(a). Employers also may not "interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" under the FMLA or retaliate against an employee "for opposing any practice made unlawful by" the Act. *Id.* §§ 2615(a)(1), (2).

Coleman and Brown both allege interference with and retaliation for their attempts to exercise their rights. To establish a *prima facie* case of FMLA interference, Plaintiffs

ORDER – PAGE 4

must show that "(1) they were eligible employees; (2) their employer was subject to FMLA requirements; (3) they were entitled to leave; (4) they gave proper notice of their intention to take FMLA leave; and (5) their employer denied them the benefits to which they were entitled under the FMLA." *DeVoss v. Southwest Airlines Co.*, 903 F.3d 487, 490 (5th Cir. 2018) (cleaned up). Establishing FMLA coverage is also a required element of an FMLA retaliation claim. *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 582 (5th Cir. 2021).

The Court previously dismissed Plaintiffs' FMLA claims in part for failure to establish FMLA coverage. Order on Def.'s Mot. Dismiss 4–5. The Amended Complaint does not cure the factual deficiencies of their original petition. Plaintiffs have not pled any facts regarding how long Coleman and Brown worked for Ark, how many hours of service they performed in the 12 months preceding their requests for leave, Ark's relationship to interstate commerce, or whether Ark had 50 or more employees. Without such allegations, Plaintiffs have not established that they are entitled to the protections of the FMLA, and their FMLA interference and retaliation claims accordingly fail. *Wright v. Arlington Indep. Sch. Dist.*, 834 F. App'x 897, 903 (5th Cir. 2020) (affirming dismissal for failure to state a claim because the plaintiff did not "allege facts to show that she worked the requisite number of hours to be eligible for FMLA leave."). The Court, therefore, dismisses Coleman and Brown's FMLA claims.

### IV. BROWN HAS NOT ADEQUATELY PLED HER TCHRA/ADA CLAIMS, BUT COLEMAN HAS

Coleman and Brown both allege that they were disabled — Coleman by his injuries from the accident and Brown by the emotional and psychological effects of her caretaking

responsibilities — and that Ark unlawfully failed to accommodate them. Pls.' Am. Compl. ¶¶ 33, 89–96. They also allege that Ark discriminated against them by firing them because of their disabilities. *Id.* Because interpretation of the TCHRA generally mirrors that of the federal antidiscrimination laws, including the ADA, the Court analyzes Plaintiffs' disability-related claims together. *See supra* n.4.

To state a disability discrimination claim, Plaintiffs must allege that: (1) they had qualifying disabilities; (2) they were qualified for their jobs; and (3) they were subject to adverse employment decisions on account of their disabilities. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 578 n.16 (5th Cir. 2020). Establishing a qualifying disability is also a required element of a failure-to-accommodate claim. *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting *Moss v. Harris Cnty. Constable Precinct One*, 851 F.3d 413, 417 (5th Cir. 2017)). A disability is a "physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). Major life activities include eating, sleeping, walking, reading, concentrating, seeing, and hearing. *Id.* § 12102(2)(A).

The Court previously dismissed Brown's disability discrimination claim for only vaguely alluding to her mental impairments and making conclusory references to several major life activities. Order on Def.'s Mot. Dismiss 6–7. Because the Amended Complaint does not add any details explaining how Brown's conditions interfere with her ability to eat, sleep, or work, for example, her disability discrimination claim still fails, as does her newly added failure-to-accommodate claim.

In the instant motion, Ark challenges Coleman's TCHRA and ADA claims only on grounds that Coleman was not qualified for his position by virtue of taking short-term leave. *Id.* at 6 (rejecting Ark's sole argument that Coleman did not have a qualifying disability). An employee is a "qualified individual" under the ADA if he, "with or without reasonable accommodation, can perform the essential functions of the employment position." 42 U.S.C. § 12111(8).

Ark is incorrect that an employee's inability to work while on leave is automatically disqualifying. "On the contrary, a person who seeks reasonable leave remains qualified for a position so long as following the leave they can complete the essential functions of the job." *Reed v. Jefferson Parish Sch. Bd.*, 2014 WL 1978990, at *3 (E.D. La. 2014); *see also Delaval v. PTech Drilling Tubulars, LLC*, 824 F. 3d 476, 481 (5th Cir. 2016) ("Time off, whether paid or unpaid, can be a reasonable accommodation."). While "an employer is not required to provide a disabled employee with indefinite leave," *Delaval*, 824 F.3d at 481, Coleman is not disqualified if a reasonable amount of leave would enable him to return to his regular duties.

Coleman alleges that he notified Ark that he had been cleared for a return date six days after the expiration of his two-month short-term leave. Pls.' Am. Compl. ¶¶ 30–31. Whether the accommodation of an additional six days of leave was reasonable is ultimately a fact question for a jury to decide. *Brennan v. Stewart*, 834 F.2d 1248, 1262 (5th Cir. 1988). However, the Fifth Circuit has explained that immediate termination upon the expiration of FMLA leave may violate the ADA, *see Silva v. City of Hidalgo*, 575 F. App'x 419, 423 (5th Cir. 2014), and other district courts have held that similar time periods were

ORDER – PAGE 7

at least potentially reasonable. *See, e.g.*, *Reed*, 2014 WL 1978990 (two weeks in addition to six-month leave), *Sandel-Garza v. BBVA Compass Bancshares, Inc.*, 2020 WL 2309828 (S.D. Tex. 2020) (three days in addition to 7.5-month leave). Drawing all inferences in favor of Plaintiffs at this stage, the Court concludes that a reasonable jury could find that six additional days' leave was a reasonable accommodation and that Coleman would have been able to perform the essential functions of his job if granted that leave. Because Ark argued only that leave disqualified Coleman, and the Court finds Coleman's qualification sufficiently alleged, the Court denies dismissal with respect to Coleman's claims of disability discrimination and failure-to-accommodate.

### V. PLAINTIFFS HAVE NOT ALLEGED PROTECTED ACTIVITY SUPPORTING A TCHRA/ADA RETALIATION CLAIM

To the extent Plaintiffs assert a claim of retaliation in violation of the TCHRA or ADA,[5] Plaintiffs must allege that they: (1) "engaged in a protected activity; (2) that an adverse employment action occurred; and (3) that a causal link existed between the protected activity and the adverse action" in order to state a *prima facie* case. *Campos v. Steves & Sons, Inc.*, 10 F.4th 515, 525 (5th Cir. 2021) (internal quotation marks omitted). Protected activity includes things such as opposing a discriminatory practice, complaining of discrimination to an employer or to a government agency, or participating in an investigation of discrimination. *Spinks v. Trugreen Landcare, LLC*, 322 F. Supp. 2d 784, 796 (S.D. Tex. 2004).

---

[5] Plaintiffs' Amended Complaint lacks a specific count for retaliation under the TCHRA or ADA, but it does reference "Defendant's discriminatory *and retaliatory* actions" under its count for disability discrimination and failure to accommodate. Pls.' Am. Compl. ¶ 100.

ORDER – PAGE 8

Plaintiffs have not alleged that they engaged in a protected activity under the TCHRA or ADA distinct from merely being disabled, which would support a claim for discrimination rather than retaliation. Further, the disability discrimination statutes and the FMLA each have their own retaliation provisions to reinforce the rights they guarantee; though the laws' protections often arise together, exercising rights under one does not constitute protected activity under the other. *See Campos*, 10 F.4th at 525–26 (making an *Erie* guess that taking FMLA leave is not protected activity under the TCHRA). The Amended Complaint lacks any allegation that could, if proved, establish the first element of the *prima facie* case for retaliation under the TCHRA or ADA. The Court thus grants Ark's motion to dismiss these claims.

## CONCLUSION

Because the complaint's factual content is sufficient to support only Coleman's disability discrimination and failure-to-accommodate claims, the Court grants the motion in part and denies it in part. The Court thus dismisses with prejudice[6] Brown's FMLA, TCHRA, and ADA claims as well as Coleman's FMLA claims and TCHRA/ADA retaliation claims.

---

[6] The Court "may consider a variety of factors" when deciding whether to grant leave to amend, including "repeated failures to cure deficiencies by amendments previously allowed." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005). Plaintiffs' Amended Complaint fails to address the issues identified by the Court in its previous Order granting dismissal in part. Further, Plaintiffs did not respond to the instant motion or seek leave to amend in the event of dismissal. The Court concludes that allowing amendment would be futile. *See Jebaco Inc. v. Harrah's Operating Co., Inc.*, 587 F.3d 314, 322 (5th Cir. 2009).

ORDER – PAGE 9

Signed January 11, 2023.

_____
David C. Godbey
Chief United States District Judge